## New York Marine Court.

### General Term—February, 1879.

JUSTUS H. SCHWAB, Plaintiff and Appellant, *against* GEORGE MAYFORTH and MICHAEL M. ROONEY, Defendants and Respondents.

By the method of computing time in this State, established by the Revised Statutes, a day consists of twenty-four hours, and commences and ends at midnight.

The sale of liquor at a quarter to one on Monday morning does not, therefore, violate the statute prohibiting the sale of liquors on the Sabbath. Penal laws must receive a strict construction, and no man incurs a penalty unless the act which subjects him to it is clearly within the spirit and letter of the statute imposing the penalty.

In July, 1878, the plaintiff was the proprietor of what is denominated an inn, at No. 50 First street, in the city of New York, which was conducted by him under a license issued by the commissioners of excise, authorizing the sale by him at said place of lager beer; the defendant Mayforth, an officer attached to the 17th precinct police, on Monday morning, the 22d day of July, 1878, at fifteen minutes of one, A. M., discovered that the door of plaintiff's place of business was open, and that he was engaged in selling lager beer; the

officer ordered the plaintiff's place to be closed, and
upon the plaintiff's refusal to comply with the request
the officer arrested the plaintiff for violating the excise
law, and took him to the 17th precinct station-house,
of which the co-defendant Rooney was then in charge
as acting sergeant. Sergeant Rooney then and there
imprisoned the plaintiff upon Mayforth's complaint.
Notwithstanding the protest of the plaintiff, who
claimed that his arrest was illegal, the plaintiff was
kept in actual confinement until eight A. M. of the
day on which he was arrested ; he was then taken to
the Essex Market police court, where the complaint
was dismissed, and the plaintiff discharged by Justice
BIXBY.

The plaintiff thereupon brought this action, to re-
cover $2,000 damages for false imprisonment. Upon
the trial of the action the trial justice instructed
the jury that, under the excise law, as he construed
it, the plaintiff had no right to keep his place open
from twelve P. M., the end of Sunday, until one A.
M. Monday morning. Under this direction (which
was excepted to) the jury found that the plaintiff's
arrest and imprisonment were legal, and rendered a
verdict for the defendants, from which the plaintiff has
appealed.

*Henry Wehle*, for plaintiff and appellant.

*C. F. McLean*, for defendants and respondents.

McADAM, J.—By the method of computing time
in this State, established by the Revised Statutes, a day
consists of twenty-four hours, and commences and ends
at midnight. Whenever, therefore, a statute forbids
an act to be done on a particular day, it has reference
to this mode of computation, unless there is some
express declaration to the contrary (Pulling v. People,

Schwab *v.* Mayforth.

8 *Barb.* 384; see also Campbell *v.* International Ins. Co., 4 *Bosw.* 310). By applying this rule of construction to the present case, it is plain that the statute which forbids the sale of liquors upon Sunday has reference to the twenty-four hours of that day, commencing and ending at midnight. It follows, therefore, that the sale by plaintiff of lager beer, at a quarter to one on Monday morning, was no violation of the Sunday law. The only other prohibition contained in the excise law is, that the license granted by the excise commissioners shall not authorize any person or persons to expose for sale, or sell, give away or dispose of wines, ale, or beer, on any day between the hours of one and five o'clock in the morning, and that all places, licensed under the act, shall be closed, and kept closed between those hours. (Act of April 16, 1857, § 5, as amended by act of May 21, 1873, c. 549, § 5). This prohibition does not reach the present case, for the reason that the sale was not made during the inhibited hours, but during an hour when there is no prohibition whatever. The justice below held that the legislature must have intended to include within the prohibition the hour between twelve P. M. on Sunday and one A. M. on Monday, but the difficulty we experience in that regard is to find legal evidence of any such intent. The rule is, that penal statutes must receive a strict interpretation; things which do not come within the words are not to be brought within it by construction. The law does not allow of constructive offenses or of arbitrary punishments. No man incurs a penalty unless the act which subjects him to it is clearly within the spirit and letter of the statute imposing such penalty. "If these rules are violated," said BEST, C. J. (in the case of Fletcher *v.* Lord Sondes, 3 *Bing.* 580), "the fate of accused persons is decided by the arbitrary discretion of judges, and not by the express authority

of the laws." The intention of the legislature is to be collected from the words they employ; where there is no ambiguity in the words there is no room for construction. To determine that a case is within the intention of a statute, its language must authorize us to say so.

. The supreme court of the United States, in the case of United States *v.* Wiltberger (5 *Wheat.* 76, 95, 96, 105), say : " It would be dangerous indeed to carry the principle that a case which is within the reason or mischief of a statute is within its provisions, so far as to punish a crime not enumerated in the statute, because it is of equal atrocity, or of kindred character with those which are enumerated." If the same, or even stronger reasons, than those which induced the legislature to enact that places where liquors are sold should be closed between the hours of one and five in the morning, exist for requiring such places to be closed between twelve P. M. Sunday and one o'clock on Monday morning, they should be presented to the legislature, which has power to remedy the defect complained of. We cannot legislate, but must administer the law as we find it upon the statute, construed according to legal principles.

It follows, therefore, that the justice below erred, in extending, by construction, the penal effect of the statute, by making criminal an act which, by the words of the statute, was not inhibited, and for this error the judgment entered upon the verdict must be set aside, and a new trial ordered, with costs to abide the event.

ALKER, Ch. J., and GOEPP, J., concurred.

Upon the new trial, the plaintiff had a verdict which, upon the advice of the corporation counsel, was paid out of the city treasury, as in this case the defendants acted under the authority of their superior officers.